**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

A H,

        Plaintiff,

v.                                                Case No:   6:23-cv-1550-PGB-LHP

COLLEGIATE PREP REALTY, LLC
and NORD ANGLIA EDUCATION
LIMITED,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF CONFIDENTIAL MINOR SETTLEMENT AGREEMENT PURSUANT TO F.S. § 744.387(3), MOTION TO SUBMIT CONFIDENTIAL SETTLEMENT AGREEMENT FOR *IN CAMERA* REVIEW, AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 23)**
>
> **FILED:** November 17, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 15, 2023, Plaintiff AH, a minor, by and through his parents CH and WH, and CH and WH in their individual capacities, filed a Complaint against Defendants Collegiate Prep Realty, LLC, Nord Anglia Education Limited, and Mitchell Salerno, alleging violations of Title III of the Americans With Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and the Florida Civil Rights Act of 1992, along with state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, negligent misrepresentation, and intentional misrepresentation. Doc. No. 1. The claims all center around Plaintiff AH's expulsion from Windermere Preparatory School. *Id.* On October 5, 2023, all claims against Mitchell Salerno were dismissed pursuant to Plaintiff's notice of voluntary dismissal. Doc. Nos. 12–13. The case has proceeded against the remaining Defendants in the usual course.

By the present motion, the parties represent that they have reached a settlement of all claims in this case, and request the Court approve the settlement agreement in accordance with Fla. Stat. § 744.387, which governs settlements involving minors. Doc. No. 23. The parties also requested leave to file their settlement agreement under seal for *in camera* review. *Id.* The parties have consented to the undersigned's jurisdiction over this motion. *See* Doc. Nos. 24, 26.

On November 21, 2023, the Court granted the parties' request for *in camera* review of the settlement agreement, and the parties submitted a copy of their

settlement agreement to the Court for review on December 1, 2023. Doc. Nos. 27–28. Upon review of the settlement agreement, the Court directed the parties to submit supplemental briefing on several issues related to the settlement agreement. Doc. No. 29, sealed. The parties filed their supplemental memorandum of law, along with an unexecuted copy of an Amended Settlement Agreement, on January 2, 2024. Doc. No. 30, sealed. Upon review of the supplemental memorandum, the Court noted that the parties have now satisfactorily addressed all of the issues the Court previously raised, and provided the parties 14 days to file a fully executed copy of their Amended Settlement Agreement for final approval.

The parties have now filed a fully-executed copy of their Amended Settlement Agreement. Doc. No. 32, sealed. As such, their motion for approval (Doc. No. 23) is now ripe for consideration.

Plaintiffs have asserted claims under both federal law and Florida law, however, federal law does not speak to the standard that the Court should employ in determining whether to approve a settlement agreement involving a minor. *See Meyers v. United States*, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014). "When confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." *Id.* (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728 (1979)). Courts in this District have elected to apply Fla. Stat.

- 3 -

§ 744.387(3)(a) when addressing settlement agreements involving a minor with claims arising under federal law. *See id.* at *4–5 (approving settlement involving minor arising under Federal Tort Claims Act ("FTCA"), collecting authority that to do so was consistent with federal courts doing same); *see also O'Brien v. United States*, No. 6:20-cv-1413-CEM-EJK, 2022 WL 2135107, at * 1 (M.D. Fla. Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 2135108, at *1 (M.D. Fla. Jan. 27, 2022) (approving settlement involving a minor for claims brought under the FTCA and applying Florida law); *Gentry v. Gar Shing Realty Corp.*, No. 6:21-cv-45-JA-LRH, 2021 WL 2827498, at *2 (M.D. Fla. June 22, 2021), *report and recommendation adopted*, 2021 WL 2826092 (M.D. Fla. July 7, 2021) (approving settlement of ADA claims involving a minor pursuant to Fla. Stat § 744.387(3)(a)); *L.M.P. v. NBCUniversal Media, LLC*, No. 6:13-cv-863-Orl-41GJK, 2014 WL 5038524, at *2 (M.D. Fla. Oct. 3, 2014) (approving settlement of claims involving a minor pursuant to Fla. Stat. § 744.387(3)(a), including claims arising under the ADA). I find these decisions persuasive, and particularly given that this settlement also involves several state law claims, I will also apply Florida law to the present motion.

Section 744.387(3)(a), which governs settlement of claims under Florida law, provides that "[n]o settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3)(a). If the gross settlement amount exceeds $50,000,

the court "shall appoint a guardian ad litem to represent the minor's interest before approving [the] settlement." Fla. Stat. § 744.3025(1)(b), (d). "The duty of the guardian ad litem is to protect the minor's interests as described in the Florida Probate Rules." Fla. Stat. § 744.3025(1)(d).

In reviewing the settlement, the court's inquiry is limited to whether the settlement is in the best interests of the minor. *Bullard v. Sharp*, 407 So. 2d 1023, 1023–24 (Fla. 4th DCA 1981) (holding that a trial court may not withhold approval of settlement of a minor's claim on the grounds that the minor's recovery is excessive); *In re Smith*, 926 F.2d 1027, 1029–30 (11th Cir. 1991) (following *Bullard*). If the court approves the settlement, and the net proceeds to the minor exceed $15,000, the court must appoint a guardian to receive and manage the proceeds if no guardian has been appointed. Fla. Stat. § 744.387(3)(b); *see also* Fla. Stat. § 744.301(2) (natural guardians (*i.e.*, parents) may receive and manage minor child's property "if the amounts received in aggregate do not exceed $15,000").

Here, there is no monetary settlement, no payment of attorney's fees and costs, and the relief is entirely equitable in nature. Doc. No. 32, sealed. Rather, as the parties state, the Amended Settlement Agreement provides a path for AH's future readmission to Windermere Preparatory School. *See* Doc. No. 23, at 5; *see also* Doc. No. 32, sealed. As such, the Court is not required under Florida law to

appoint a guardian ad litem, and the only remaining issue is whether the settlement is in the best interests of AH.

Pursuant to Fla. Stat. § 744.387, court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d at 1029. "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-cv-1997-Orl-18KRS, 2016 WL 2647689, at *2 (M.D. Fla. Apr. 22, 2016) (citing *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. Dist. Ct. App. 2013)), *report and recommendation adopted sub nom. Jackson v. Magical Cruise Co.*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Upon review of the Amended Settlement Agreement, the Court finds its terms are fair, adequate and reasonable. To begin, the parties represent that the Amended Settlement Agreement was negotiated while both sides were represented by able counsel, and there is no evidence of collusion. *See* Doc. No. 23, at 3, 5. In addition, the Court finds that the issues of concern previously raised, *see* Doc. No. 29, sealed, have been addressed in full and the Court's concerns have been

alleviated. *See* Doc. Nos. 30, 32, both sealed. More specifically, I discern no provisions that, under the facts of this case, render the agreement unfair, unreasonable, or contrary to the best interests of AH.

Accordingly, the Joint Motion for Approval of Confidential Minor Settlement Agreement Pursuant to F.S. § 744.387(3) (Doc. No. 23) is **GRANTED.** The Amended Settlement Agreement (Doc. No. 32, sealed), is accepted, adopted, and approved by the Court, and the parties are **ORDERED** to comply with the terms of the Amended Settlement Agreement, including the filing of any required documents to effectuate dismissal of this case in its entirety.[1]

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] As noted in the Joint Motion, the parties are not requesting that the Court retain jurisdiction to enforce the Amended Settlement Agreement. Doc. No. 23, at 3.